NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL GARCIA,

        Plaintiff-Appellant,

  v.

WALMART, INC.,

        Defendant-Appellee.

No. 23-35321

D.C. No. 1:22-cv-03003-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted May 6, 2024
Seattle, Washington

Before: W. FLETCHER, BEA, and OWENS, Circuit Judges.

Daniel Garcia appeals from the district court's summary judgment in favor

of Walmart, Inc., in his employment action alleging federal and state claims for

disability discrimination, failure to accommodate, and retaliation, as well as state

law tort claims. "We review de novo the district court's order granting summary

judgment." *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 646 (9th Cir. 2021).

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"We view the evidence in the light most favorable to [the non-moving party] and determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* at 646-47. As the parties are familiar with the facts, we do not recount them here. We affirm in part, reverse in part, and remand.

1. The district court erred in granting summary judgment to Walmart on Garcia's disability-discrimination claims under the Americans with Disabilities Act ("ADA") and Washington Law Against Discrimination ("WLAD").

Discrimination claims under the ADA and WLAD are subject to the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014); *Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty.*, 404 P.3d 464, 470 (Wash. 2017). First, the plaintiff must establish a prima facie case of disparate treatment by showing that: (1) he is disabled; (2) he is qualified for the position; (3) he experienced an adverse employment action; and (4) "similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *see also Callahan v. Walla Walla Hous. Auth.*, 110 P.3d 782, 786 (Wash. Ct. App. 2005). Second, once a plaintiff has established a prima facie case, the

burden shifts to the defendant, who must articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Curley*, 772 F.3d at 632; *Mikkelsen*, 404 P.3d at 471. Finally, if the defendant meets this burden, the plaintiff must show that the defendant's alleged nondiscriminatory reason for the adverse employment action was pretextual. *Curley*, 772 F.3d at 632; *Mikkelsen*, 404 P.3d at 471.

Here, regarding the prima facie case, it is undisputed that Garcia met the first two elements. For the third element, the district court held that Garcia failed to establish that he suffered an "adverse employment action." However, viewing the evidence in the light most favorable to Garcia, he raised a genuine dispute of material fact about whether Walmart subjected him to three adverse employment actions: (1) remaining on involuntary leave; (2) not returning him to work for four months; and (3) forcing him to resign (constructive discharge). These constitute adverse employment actions because they "materially affect[ed] the compensation, terms, conditions, or privileges of [his] employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (quoting *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1126 (9th Cir. 2000)). Moreover, contrary to Walmart's contention, Garcia raised a genuine dispute of material fact whether his resignation amounts to a "constructive discharge." *See Green v. Brennan*, 578 U.S. 547, 555 (2016); *Sneed v. Barna*, 912 P.2d 1035, 1039 (Wash. Ct. App. 1996).

For the fourth element of the prima facie case, viewing the evidence in the light most favorable to Garcia, he raised a genuine dispute of material fact about whether the circumstances surrounding these adverse employment actions give rise to an inference of disability discrimination. *See Peterson*, 358 F.3d at 603.

Walmart argues that Garcia remaining on leave, not returning to work, and resigning were due to Garcia's own actions and inactions rather than any discrimination by Walmart. Specifically, Walmart contends that Garcia himself initially requested to go on leave, and he remained on leave and was unable to return to work because his doctor indicated a return to work date of December 31, 2019, and Garcia did not ask his doctor to provide an earlier date. Further, according to Walmart, Garcia voluntarily resigned.

However, Garcia raised a genuine dispute of material fact as to whether he suffered the alleged adverse employment actions due to Walmart's discrimination. Garcia provided evidence that Walmart repeatedly told him that he could not return to work because there were no available jobs for him (even though there were in fact available jobs) and never told him that his doctor had not released him to return to work. In other words, Garcia raised a genuine dispute of material fact that Walmart gave him one false reason for his inability to return to work during his four-month leave and did not shift to relying on a different reason—his doctor's medical release date—until after Garcia's resignation. Walmart argues that it had

4

no affirmative obligation to inform Garcia of his doctor's return to work date, it was reasonable to expect Garcia to be aware of the information that his own doctor provided on his behalf, and it could not override Garcia's doctor's return to work date. But a jury could also find that Walmart's claimed reliance on Garcia's return to work date was not authentic in light of the evidence that Walmart gave Garcia a different, false reason for not allowing him to return to work. Moreover, Garcia provided evidence that if Walmart had informed him that his doctor's date was preventing him from returning to work, Garcia could have reached out to his doctor to receive an earlier date.

In addition, there is a genuine dispute of material fact whether, prior to Garcia's resignation, the Walmart decisionmakers were even aware of Garcia's doctor's return to work date, which had been communicated to a third-party administrator. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) ("The employer could not have been motivated by knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason."). Further, Garcia provided evidence that Walmart managers told him he was a "liability" because of his vision impairment, suggested he retire, and said they did not think there was "any work for a blind person in the store."

5

For the same reasons as the fourth element of the prima facie case, viewing the evidence in light most favorable to Garcia, he raised a genuine dispute of material about whether Walmart's proffered nondiscriminatory reasons for the alleged adverse employment actions—that Garcia's doctor had not released him to return to work until December 31, 2019, and that Garcia failed to provide the necessary medical paperwork to provide an earlier date—were pretextual. *See Chuang*, 225 F.3d at 1127 ("[A] disparate treatment plaintiff can survive summary judgment without producing any evidence of discrimination beyond that constituting his prima facie case, if that evidence raises a genuine issue of material fact regarding the truth of the employer's proffered reasons.").

Thus, we reverse the district court's grant of summary judgment to Walmart on Garcia's disability-discrimination claims.

2. The district court erred in part in granting summary judgment to Walmart on Garcia's failure-to-accommodate claims under the ADA and WLAD.

To establish a failure-to-accommodate claim, a plaintiff must show: (1) he is a qualified individual with a disability; (2) the employer received adequate notice of his need for an accommodation; and (3) the plaintiff was denied a reasonable accommodation that was available and would not place an undue hardship on the employer. *See Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir.

2018); *see also Davis v. Microsoft Corp.*, 70 P.3d 126, 131 (Wash. 2003). Here, the parties dispute only the third element.

An employee "notifying an employer of a need for an accommodation triggers a duty to engage in an 'interactive process' through which the employer and employee can come to understand the employee's abilities and limitations, the employer's needs for various positions, and a possible middle ground for accommodating the employee." *Snapp*, 889 F.3d at 1095.

Garcia argues that Walmart failed to accommodate his requests regarding: (1) continuing to use a handheld magnifying glass and changing the font size on the MC-40 handheld computer; (2) allowing him to use a wearable magnifier and headlight; and (3) returning to work.

Regarding the handheld magnifying glass and MC-40 device, the district court properly granted summary judgment to Walmart because Garcia failed to provide the necessary supporting paperwork. Moreover, it is undisputed that Garcia was always allowed to use his handheld magnifying glass and was never required to use the MC-40 device.

It appears that the district court did not address Garcia's argument that Walmart failed to accommodate his request to allow him to use a wearable magnifier and a headlight. Garcia provided evidence that a representative from the Washington State Department of Services for the Blind requested that Garcia be

7

permitted to use these items, and Walmart responded that these items would not be allowed because they are outside of Walmart's standard employee uniform. Viewing the evidence in the light most favorable to Garcia, he raised a genuine dispute of fact whether Walmart failed to accommodate his request to allow him to use a wearable magnifier and a headlight.

In addition, for similar reasons as his disability-discrimination claims, Garcia raised a genuine dispute of fact about whether Walmart failed to accommodate his request to return to work. Viewing the evidence in the light most favorable to Garcia, there is a genuine dispute of material fact about whether Walmart or Garcia was responsible for the breakdown in the interactive process regarding returning Garcia to work. Walmart argues that Garcia caused the breakdown because he did not provide medical paperwork with an earlier return to work date. But Garcia presented evidence that Walmart caused the breakdown by repeatedly telling him that he could not return to work because there were no available jobs for him (even though there were) and never telling him that his doctor's return to work date was preventing him from returning to work.

Thus, we affirm the district court's grant of summary judgment to Walmart on Garcia's failure-to-accommodate claims as to the handheld magnifying glass and MC-40 device, but we reverse as to Garcia's requests to use a wearable magnifier and a headlight and to return to work.

3. The district court erred in granting summary judgment to Walmart on Garcia's retaliation claims under the ADA and WLAD.

The *McDonnell Douglas* burden-shifting framework also applies to retaliation claims. *See Curley*, 772 F.3d at 632. To establish a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between the two. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *Francom v. Costco Wholesale Corp.*, 991 P.2d 1182, 1191 (Wash. Ct. App. 2000). It is undisputed that Garcia met the first element regarding engaging in a protected activity.

As with the disability-discrimination claims, the district court erred in determining that Garcia failed to establish that he suffered an "adverse employment action." And, similar to the disability-discrimination claims, Garcia raised genuine disputes of material fact that there was a causal link between his protected activity and adverse employment actions, and that Walmart's proffered nonretaliatory reasons were pretextual.

Thus, we reverse the district court's grant of summary judgment to Walmart on Garcia's retaliation claims.

4. The district court properly granted summary judgment to Walmart on all of Garcia's tort claims. As to his claim for intentional infliction of emotional

9

distress based on a theory of respondeat superior, Garcia failed to raise a genuine issue of material fact that Walmart's conduct was "extreme and outrageous." *Lyons v. U.S. Bank Nat'l Ass'n*, 336 P.3d 1142, 1151 (Wash. 2014) (citation omitted). Garcia's claim for negligent infliction of emotional distress based on a theory of respondeat superior fails because it is premised on the same factual basis as his disability-discrimination, failure-to-accommodate, and retaliation claims. *See Haubry v. Snow*, 31 P.3d 1186, 1193 (Wash. Ct. App. 2001) ("An employee may [only] recover damages for [negligent infliction of] emotional distress in an employment context . . . if the factual basis for the claim is distinct from the factual basis for the discrimination claim."). Finally, as to Garcia's claim for negligent supervision, hiring, and training, Garcia failed to raise a genuine dispute of material fact that any Walmart "employee acted outside the scope of his or her employment." *Briggs v. Nova Servs.*, 147 P.3d 616, 622 (Wash. Ct. App. 2006).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.

10